1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  CHRISTINE MERSTEN, State Bar No. 149752
   Supervising Deputy Attorney General
3  CONNIE A. BROUSSARD, State Bar No. 228237
   Deputy Attorney General
4  LINDSEY M. STEVENS, State Bar No. 265700
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone:  (619) 645-2280
7    Fax:  (619) 645-2581
     E-mails:  Connie.Broussard@doj.ca.gov
8    E-mails:  Lindsey.Stevens@doj.ca.gov
   *Attorneys for Defendants*
9  *Peace Officers Standards & Training Commission,*
   *Edmund Pecinovsky and Anne Brewer*

10                   IN THE UNITED STATES DISTRICT COURT

11                  FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14

15  **TAMARA EVANS,**                    No. 2:15-cv-01951-MCE-AC (TEMP)

16                          Plaintiff,   **STIPULATION AND ORDER**
                                         **REGARDING CONFIDENTIAL**
17       **v.**                          **INFORMATION**

18
    **CALIFORNIA COMMISSION ON PEACE**
19  **OFFICERS STANDARDS AND**
    **TRAINING; EDMUND PECINOVSKY;**
20  **ANNE BREWER and DOES 1-25,**

21                         Defendants.

22

23          Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rules 141.1 and 143,

24  this Stipulation Regarding Confidential Information ("Stipulation") is entered into between

25  Plaintiff Tamara Evans ("Evans") and Defendants California Commission on Peace Officer

26  Standards and Training ("POST"), Edmund Pecinovsky ("Pecinovsky"), and Anne Brewer

27  ("Brewer") (collectively "Defendants"), by and through their attorneys of record.  Defendants and

28

                                         1

1  Plaintiff Evans (jointly referred to as "the Parties") hereby stipulate and agree that Confidential
2  information shall be handled in the manner indicated herein and as set forth below:

3  <u>**DEFINITIONS**</u>

4  1.    "Designating Party" means any one of the Parties producing Documents or
5  information under this Stipulation and any Protective Order thereon.

6  2.    "Document" or "Documents" shall have the broadest meaning permitted under
7  Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of
8  Evidence, and relevant case law.

9  3.    "Confidential" designates information that a Designating Party reasonably believes
10  to be confidential due to safety or security reasons, that is not readily available to the public,
11  and/or the disclosure of which is likely to result in the imminent harm to or substantial
12  endangerment to one of the Parties or their business interests.   Such information must be
13  protected from public disclosure because it may include non-disclosed proprietary information,
14  trade secrets, information about various agencies or training that is not publicly available, or other
15  such information that is maintained as private in the course of business.

16  4.    "Confidential" also designates information that is protected against disclosure by
17  various privacy laws, including, for example, social security numbers, driver license numbers,
18  addresses, phone numbers, email addresses, birthdates, and bank account numbers or transactions
19  statements, and private personnel documents from prior employers.   "Confidential" also
20  designates information that is protected against disclosure by various health privacy laws,
21  including but not limited to, Plaintiff's medical records or health information.  Public disclosure
22  of such information would violate Plaintiff's privacy and various health privacy laws.

23  5.    "Confidential" information may be contained in Documents produced during
24  discovery, answers to interrogatories, responses to requests for admissions, depositions,
25  transcripts, and tangible things, the information contained therein, and all copies, abstracts,
26  excerpts, analyses, or other writings that contain, reflect, or disclose such information.

27

28

**APPLICATION & PROCEDURE**

6.        This Stipulation and any Protective Order thereon, shall apply to all Confidential information exchanged by any Party, including, without limitation, Documents, things, other discovery materials, transcripts, depositions, testimony, or other papers produced, filed, generated, or served by a Party in this litigation.

7.        The Parties agree that Documents, information or other things produced by third parties pursuant to subpoena may also be designated as "Confidential" by any Party upon written notice to the other.  The Designating Party must identify the Document, information or other thing as "Confidential" in writing within ten (10) court days after receipt by the Designating Party.

8.        The Parties will use due care to designate as Confidential only the Documents, information or other materials that truly encompass such information.

9.        All Confidential information produced and designated as Confidential hereunder shall have stamped or affixed on each page "Confidential" at the time such materials, or copies thereof, are delivered by the Designating Party to the receiving Party, or within ten (10) court days thereafter in the event such labeling or marking is inadvertently omitted.

10.        Confidential information that has been classified as such may be disclosed only to the following:

    A.        Plaintiff Evans and Defendants POST, Pecinovsky, and Brewer and the representatives and employees of each;

    B.        Outside counsel for the receiving Party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Confidential information;

    C.        An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer;

3

D.   Experts and consultants who are requested by counsel of the receiving Party to furnish technical, legal, expert, or other specialized services in connection with this litigation; and

E.   Any other person to whom the parties agree in writing or as ordered by the Court.

F.   No Confidential information shall be provided to any person identified in subpart C and D of Paragraph 10 hereof until each such person has been provided with a copy of this Stipulation and has signed the Certification attached hereto as Exhibit A.

G.   Nothing herein prevents disclosure of Confidential information to the Court pursuant to the Court procedures outlined in Local Rule 141, or as otherwise ordered by the Court.

H.   Notwithstanding subdivisions A – G above, other persons may be shown a specific item of Confidential information of the producing Party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of said specific item.

11.   Deposition or other recorded testimony may be designated as Confidential information in accordance with this Stipulation:  (a) in the course of the deposition, orally on the record; or (b) by notifying the other Party in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and lines of the transcript that contain the Confidential information. Where appropriate in light of the amount of Confidential information likely to be disclosed at a given deposition, counsel of record for the Parties may agree at the beginning of the deposition that the entire transcript shall be designated "Confidential," subject to review of the transcript and withdrawal of any unnecessary designation within ten (10) court days of receipt of the transcript.  To avoid any inadvertent disclosure of Confidential information, all depositions shall presumptively be treated as Confidential and subject to this Stipulation during the deposition

4

1    and for a period of ten (10) court days after a transcript of said deposition is received by the

2    Parties.

3         12.    If the receiving Party disagrees with the Confidential or redacted status of any

4    Document or other material, the receiving Party will notify and confer with the producing Party to

5    request reclassification or redaction of the Document or material.  If no agreement has been

6    reached within ten (10) court days of such notification or a later date if agreed to in writing by the

7    Parties, the receiving Party may thereafter make a request of the Court for an order reclassifying

8    the confidentiality designation and/or removing such Document or other material from the

9    restrictions of this Stipulation.  If such a request is made, the Party seeking to maintain a

10   confidentiality classification bears the burden of establishing that the restrictions of this

11   Stipulation should apply.

12   **COMPLIANCE WITH EASTERN DISTRICT CIVIL LOCAL RULE (L.R.) 141.1**

13        13.    All Documents that have previously been designated by a Party as comprising or

14   containing Confidential information, or any pleading, brief, or memorandum purporting to

15   reproduce or paraphrase such material, shall be submitted for filing only under the procedure set

16   forth in L.R. 141.

17   **PRIVILEGED INFORMATION AND INADVERTENT DISCLOSURE OF PRIVILEGED**
     **INFORMATION ("CLAW BACK PROVISION")**

18

19        14.    Nothing in this Stipulation shall in and of itself require disclosure of information

20   that is protected by the attorney-client privilege, work-product doctrine, or any other privilege,

21   doctrine, or immunity, nor does this Stipulation result in any Party giving up its right to argue that

22   otherwise privileged documents must be produced due to waiver or for any other reason.

23        15.    Inadvertent production of information subject to the attorney-client and/or

24   attorney-work-product privileges shall not constitute a waiver of any claim for protection under

25   the privileges.

26        16.    If the producing Party discovers that information produced in discovery should

27   have been withheld on the basis of privilege, the producing Party must provide written notice to

28   all other Parties as soon as is reasonably practicable.  In such event, the Parties must immediately:

A.  Return the privileged information along with all duplicates to the producing Party; or

B.  Destroy the originals and all copies of the privileged information.

17.   The producing Party shall designate which of the approaches outlined in Paragraph 16 the Parties must follow.   Once notified of the production of privileged information, the receiving Party shall not duplicate the privileged information, nor distribute the privileged information by any means other than returning it to the producing Party or destroying it consistent with this Paragraph.   In addition, once notified of the production of privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.

18.   Within twenty-one (21) days of notifying all other Parties, the producing Party must provide a privilege log to all Parties that lists the privileged information.   The receiving Party shall have no liability, under this Stipulation or otherwise, for any disclosure or use of privileged information occurring before the receiving Party was placed on notice of the producing Party's claims of privilege, provided the receiving Party did not know that the information was privileged.

19.   If the receiving Party has a reasonable basis to believe that information produced in discovery should have been withheld on the basis of privilege, the receiving Party has an affirmative obligation to provide written notice to the producing Party. The receiving Party must provide such written notice within a reasonable time period after identifying the information as privileged, but in any event, no later than seven (7) days after it discovers that privileged information was inadvertently produced.

20.   If Confidential information produced in accordance with this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record of the Parties and, without prejudice to other rights and remedies available to the producing Party, make every effort to obtain the return of the

6

1  disclosed Confidential information and prevent further disclosure of it by the person who was the

2  recipient of such information.

3  **GENERAL PROVISIONS**

4  21.      Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days

5  after the termination of this action, Case No. 15-CV-01951-MCE-AC (TEMP), including any and

6  all appeals therefrom, attorneys for the receiving Party shall destroy all Confidential information

7  received from the other Parties to this litigation or third parties hereunder, and provide the other

8  Parties with written verification of such destruction.   Notwithstanding this provision, outside

9  counsel for each Party may maintain for archival purposes one copy of all pleadings, transcripts,

10  exhibits and written discovery responses, including portions designated under this Stipulation.

11  Prompt written notice shall be given to a Party who produced Confidential information hereunder

12  if that Party's Confidential information is sought by any person not a party to this litigation, by

13  subpoena in another action, or by service with any legal process.   Any person seeking such

14  Confidential information who takes action to enforce such subpoena or other legal process shall

15  be apprised of this Stipulation and any Protective Order thereon.

16  22.      This Stipulation may be changed only by written agreement of the Parties or order

17  of the Court, and is without prejudice to the rights of a Party to seek relief from or variation of

18  any of its provisions.

19  23.      This Stipulation, including the obligations to maintain confidentiality embodied

20  herein, shall survive the final disposition of this litigation and continue in full force and effect.

21  24.      Upon execution of this Stipulation, the Parties will submit this Stipulation to the

22  Court for approval of its terms and incorporation as a Protective Order Regarding Confidential

23  Information.

24

25

26

27

28

7

1    Dated:  May 26, 2016                    Respectfully submitted,

2                                            KAMALA D. HARRIS
                                             Attorney General of California
3                                            CHRISTINE MERSTEN
                                             Supervising Deputy Attorney General
4

5
                                             /s/ Lindsey Stevens
6                                            LINDSEY STEVENS
                                             Deputy Attorney General
7                                            *Attorneys for Defendants Peace Officers*
                                             *Standards & Training Commission,*
8                                            *Edmund Pecinovsky and Anne Brewer*

9

10
     Dated:  May 25, 2016                    Respectfully submitted,
11

12

13
                                             /s/ Scott Brown
14                                           SCOTT BROWN
                                             BROWN | POORE LLP
15                                           *Attorneys for Plaintiff Tamara Evans*

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   8

**ORDER**

The parties' stipulated confidentiality agreement and protective order (ECF No. 25-1), is APPROVED and INCORPORATED herein.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), petition for cert. filed, ___ U.S.L.W. ___ (U.S. March 24, 2016) (No. 15-1211); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

9

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation (ECF No. 25-1) that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 24, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

### TO STIPULATION REGARDING
### CONFIDENTIAL INFORMATION CERTIFICATION

I, _____, residing at _____, _____, being duly sworn according to law, state as follows:

1.    I understand that designated "Confidential" information will be provided to me in accordance with the terms and conditions and restrictions of the Stipulation, dated _____, entered into between the Parties in the case styled *Tamara Evans v. California Commission On Peace Officers Standards And Training; Edmund Pecinovsky; Anne Brewer And Does 1-25*, U.S. Dist. Ct., E.D. Cal., Case 15-CV-01951-MCE-AC (TEMP) ("Litigation");

2.    I have been given a copy of and have read and understand the Stipulation and any Protective Order thereon, and I hereby agree to be bound by its terms;

3.    I agree not to disclose to others, except in accordance with the terms and conditions of the Stipulation, any Confidential information provided to me and that such Confidential information be used only for the purposes of this Litigation;

4.    I further understand and acknowledge that my obligations relative to the Confidential information will continue even after the Litigation terminates;

5.    I further understand and agree that, in the event that I fail to abide by the terms of the Stipulation and any Protective Order thereon, I may be subject to sanctions imposed by the Court for such a failure, including sanctions by way of contempt of Court, and may be liable upon a claim for damages by the Party who produced the Confidential information disclosed to me;

6.    For purposes of enforcing this Stipulation and any Protective Order thereon, I consent to the jurisdiction of the federal court and/or state courts in California, and agree that service by mail at the address designated above or personal service of any notice, order, or proceeding in connection therewith shall be valid service upon me; and

///

Stipulation re: Confidential Information  (2:15-CV-01951-MCE-AC (TEMP))

7.     I certify that the foregoing statements made by me are true and correct under penalty of perjury under the laws of the United States of America and the State of California.

Executed on: _____

By: _____

Print Name: _____

SA2015105101
81313360.doc