UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA EVANS, | No. 2:15-cv-01951-DJC-DB |
| Plaintiff, | |
| v. | PRETRIAL ORDER |
| CALIFORNIA COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING, et al., | |
| Defendants. | |

On July 18, 2024, the Court conducted a final pretrial conference. Lawrance Bohm, Scott Brown, and Andrew Thrasher appeared for Plaintiff. Joseph Wheeler and Arang Chun appeared for Defendants. Based on the results of that pretrial conference, the Court now issues this final pretrial order.

This action proceeds on Plaintiff's First Amended Complaint against Defendant for retaliation in violation of California Labor Coder § 1102.5, California Government Code § 8547.8, and California Government Code § 12653 as well as for violations of the FMLA and CFRA. This matter is set for trial on September 3, 2024.

**I.   Jurisdiction/Venue**

Jurisdiction is predicated on 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue and Jurisdiction are not contested.

1

**II.    Jury**

Both parties have timely requested trial by Jury.

**III.   Motions in Limine**

The parties have not yet filed motions in limine. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions in limine counsel elect to file shall be filed on or before August 14, 2024. Each party's motions in limine should be filed in a single document with each motion beginning on a new page within that document. Opposition shall be filed on or before August 19, 2024. Each party's oppositions to motions in limine should be filed in a single document with each opposition beginning on a new page within that document. Where necessary for sealing purposes, a motion in limine or opposition to a motion in limine may be filed separately from the rest of the motions/oppositions. Parties should be prepared to present argument on these motions at the final status conference.

**IV.   Witnesses**

Plaintiff's and Defendant's witnesses shall be those described in the Joint Pretrial Statement. (*See* ECF No. 139.) Each party may call any witnesses designated by the other.

**The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

2. The witness was discovered after the pretrial conference and the proffering party makes the showing described below.

Upon the post pretrial discovery of any witness a party wishes to present at trial,

the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

1. The witness could not reasonably have been discovered prior to the discovery cutoff;
2. The court and opposing parties were promptly notified upon discovery of the witness;
3. If time permitted, the party proffered the witness for deposition; and
4. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**V.     Exhibits**

Plaintiff's and Defendant's exhibits shall be those identified in the Joint Pretrial Statement (ECF No. 139), including both the joint exhibits as well as the individual exhibits identified by both parties.  Counsel and/or parties shall file a copy of their respective final exhibit lists no later than August 14, 2024.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.[1]  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine. **The final exhibit binders are due to the court on the first day of trial.**

The parties must exchange exhibits no later than 28 days before trial.  Any objections to exhibits shall be filed on or before August 19, 2024.  In making any

---

[1] As noted at the Final Pretrial Conference, to the extent the parties wish to agree on another method for differentiating exhibits, they may do so.

objection, the party is to set forth the grounds for the objection.  As to each exhibit that is not objected to, no further foundation will be required for it to be received into evidence, if offered.

The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**VI.    Further Discovery**

Discovery has been completed and is now closed.

**VII.   Stipulations**

None.

**VIII.  Trial Briefs**

Trial Briefs from both parties shall be filed on August 14, 2024.

////

### IX. Joint Statement of the Case

Parties shall file a stipulated joint statement of the case by August 14, 2024

### X. Proposed Jury *Voir Dire*

By August 14, 2024, parties shall file proposed questions to be asked by the Court during jury selection. Parties are advised to limit the number of proposed *voir dire* and to only propose questions they feel are essential.

Each side will be limited to 20 minutes of jury *voir dire*.

### XI. Proposed Jury Instructions and Proposed Verdict Form

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdict form.

On or before August 14, 2024, parties shall file Joint Proposed Jury Instructions and Proposed Verdict Form. All blanks in form instructions should be completed and all brackets removed.

If parties are unable to agree on an instruction and/or verdict form, parties shall include any such instruction and/or verdict form under a separate heading in the Joint Proposed Jury Instructions or Verdict Form and identify which party proposed the jury instructions or verdict form and the source of and authority for the proposed jury instruction or verdict form. Any objections to a proposed jury instruction or proposed verdict form shall be included in the Joint Proposed Jury Instructions or Verdict Form. Any objection should identify the party objecting, provide a concise statement of the reasons for the objection, and include any relevant citation to authority. When applicable, the objecting party shall include an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

### XII. Filing Documents

All documents mentioned above, including but not limited to Proposed Jury Instructions, Witness Lists, Exhibit Lists, Joint Statement of the Case, Proposed Verdict Form, and Motions in Limine, shall be filed on the docket in this action **and** also emailed as a Word document to djcorders@caed.uscourts.gov.

### XIII. Final Status Conference

The Court will conduct a Final Status Conference on August 22, 2024. At that time, the Court will hear argument on motions in limine and any outstanding matters to be resolved before trial.

### XIV. Trial Date/Estimated Time of Trial

Jury Trial is set for September 3, 2024, at 8:30 a.m. in Courtroom 10 before the Honorable Daniel J. Calabretta. Trial is anticipated to last 7–10 court days. The parties are directed to Judge Calabretta's standard procedures available on his webpage on the court's website.

The parties are to contact Gabriel Michel, Courtroom Deputy for Judge Calabretta, via email (gmichel@caed.uscourts.gov), one week prior to trial to ascertain the status of the trial date.

### XV. Objections to Pretrial Order

Each party is granted 14 days from the date of this order to file objections to the same. Each party is also granted 7 days thereafter to respond to the other party's objections. If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **July 19, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE