Lawrance A. Bohm (SBN: 208716)
lbohm@bohmlaw.com
Kelsey K. Ciarimboli (SBN: 302611)
kciarimboli@bohmlaw.com
Andrew L. Thrasher (SBN: 346124)
athrasher@bohmlaw.com
Jack C. Brouwer (SBN: 353351)
jbrouwer@bohmlaw.com
**BOHM LAW GROUP, INC.**
4600 Northgate Blvd., Ste. 210
Sacramento, California 95834
Telephone:  866.920.1292
Facsimile:   916.927.2046
Email:        BLG001021@bohmlaw.com

Scott A. Brown (SBN: 177099)
sbrown@bplegalgroup.com
**BROWN | POORE LLP**
2950 Buskirk Avenue, Suite 330
Walnut Creek, California 94597
Telephone: 925.943.1166
Facsimile: 925.955.8600

Attorneys for Plaintiff,
TAMARA EVANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA COMMISSION ON PEACE OFFICERS STANDARDS AND TRAINING; EDMUND PECINOVSKY; ANNE BREWER and DOES 1-25, inclusive,<br><br>    Defendant. | Case No.: 2:15-cv-01951-DJC-SCR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BRIEFING RE: ADMINISTRATIVE TESTIMONY OF ANNE SANTOS**<br><br>Hearing Date: September 23, 2024<br>Courtroom:     10<br>Judge:             Hon. Daniel J. Calabretta<br><br>Action Filed:  June 4, 2014<br>Trial Date:     September 3, 2024 |

//

1

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**   BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*                       BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

## I.     INTRODUCTION

Defendant maintains that Anne Santos' State Personnel Board ("SPB") testimony can be read to the jury under Rules 804(b)(1) and 807 of the Federal Rules of Evidence. Defendant is wrong on both accounts. First, Rule 804 does not apply because Defendant failed to satisfy the criteria for unavailability. Specifically, Defendant has not demonstrated the required good faith to procure the attendance of declarant Anne Santos under FRE 804(a)(5), and thus the hearsay exception for former testimony does not apply.

Second, Defendant cannot avail itself of the Residual Exception under FRE 807 because (a) other evidence of the same testimony has already been admitted; and (b) Defendant did not provide reasonable notice of its intent to introduce this testimony.

Accordingly, Defendant's motion should be denied in its entirety, and it should not be allowed to introduce excerpts of the Anne Santos hearing testimony to the jury. In the event the court considers Defendant's request, excerpts relied upon by Plaintiff should be included from Anne Santos' testimony and complimented by testimony from Enterprise's manager, Ashley Kline.

## II.     LEGAL ARGUMENT

A witness is not automatically beyond the power of a subpoena simply because the relevant court is more than 100 miles away from where the witness resides, is employed, or regularly transacts business in person. Mere geographical distance is not a barrier *in toto* to the service of a federal subpoena. A showing of witness unavailability **requires more** than simple mileage.

### A.     *Federal Rule of Civil Procedure 45 Permits Service of a Federal Subpoena Anywhere within the United States*

Federal Rule of Civil Procedure 45 provides federal courts with robust subpoena powers. A subpoena "may be served at any place within the United States." Fed.R.Civ.P. 45(b)(2). Under certain circumstances, a subpoena may be served in any foreign country on any "national or resident of the United States who is in a foreign country." Fed.R.Civ.P. 45(b)(3) (incorporating 28 U.S.C. § 1783). In general, this means that the only people who cannot be served under Rule

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**   BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*   BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

1 45 are foreign nationals residing in a foreign country. *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir.1980), *cert. denied*, 451 U.S. 912 (1981); *Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir.2010); *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir.1993) (citing *United States v. Farfan–Carreon*, 935 F.2d 678, 680 (5th Cir.1991).

The territorial scope of the court's subpoena power is **only** limited by Rule 45(c), which governs the place of compliance. Rule 45(c) limits where a subpoena may order compliance to protect a subpoenaed person by reducing the burden of complying with the subpoena. *See Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 464 (S.D.Cal.1996).

A limitation on the enforceability of compliance with a subpoena should not be considered as a limitation on a party's ability to seek the voluntary appearance of a witness.

### B. *Federal Rule of Evidence 804(b)(1) Requires a Good Faith Effort to Procure the Witness' Attendance*

Federal Rule of Evidence 804 permits an exception to the rule against hearsay when a declarant is unavailable as a witness under a limited set of criteria. Fed. R. Evid. 804(a). In relevant part, a declarant is considered to be unavailable as a witness if the declarant: "is absent from the trial or hearing and the statement's proponent has not been able, by process or other **reasonable means**, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1)". (emphasis added). Fed. R. Evid. 804(a)(5)(A).

Courts have consistently held that, pursuant to Rule 804(a)(5), the proponent must show at least a good faith effort to procure the witness' attendance before a witness can be found unavailable.

This relatively high good faith standard **cannot be satisfied by perfunctory efforts**. (emphasis added). *US v. Mann*, C.A.1 1978, 590 F.2d 361. Mere information or belief that a declarant cannot be located is insufficient evidence of unavailability absent a good faith attempt to secure the declarant's attendance. *State v. Clonts*, 254 N.C. App. 95 (2017)

Even where the absent witness is beyond the court's jurisdiction, "the government must show diligent effort on its part to secure the (witness') voluntary return to testify." *Government of the Virgin Islands v. Aquino*, 378 F.2d 540, 551 (3d Cir. 1967). Furthermore, the effort must be

3

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**  BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*           BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

"genuine and bona fide". *Id.* at 552. *See also United States v. Mathis*, 550 F.2d 180 (4th Cir. 1976); *United States v. Lynch*, 163 U.S.App.D.C. 6, 18, 499 F.2d 1011, 1023 (1974). "A witness is not "unavailable unless the [state] makes a good faith effort to obtain the witness's presence. *U.S. v. Winn, C.A.*9 (Cal.) 1985, 767 F.2d 527.

Even in cases where the absent witness is a foreign national who cannot be found in the United States and is thus beyond the court's subpoena power the government must show diligent effort on its part to secure the witness's voluntary return to testify. *U.S. v. Wrenn*, E.D.Va.2001, 170 F.Supp.2d 604.

Further, this standard requires more than mere good faith; the effort to secure the witness must be competent as well. The State] must not only act in good faith but also operate in a competent manner; a prosecutor cannot claim that a witness is unavailable because the prosecutor has acted in an "empty-head pure-heart" way. *See Fed.R.Civ.P. 11* advisory committee's note. *See also California v. Green*, 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930 (1970) (Harlan, J., concurring); *United States v. Wilson*, 36 F.Supp.2d 1177, 1180 (N.D.Cal.1999) ("The central constitutional inquiry is whether or not the government's actions were reasonable given all the circumstances of a particular case.").

### C. There is No Evidence that Defendant Utilized Reasonable Means to Secure Anne Santos's Appearance

Defendant's briefing regarding administrative hearing testimony of Anne Santos and the accompanying declarations of Joseph R. Wheeler and Danielle Padua in support of their briefing lack any evidence whatsoever to support any assertion of a good-faith effort to secure Anne Santos appearance in this trial.

As a foundational matter, Defendant's Brief makes clear that Defendant located Anne Santos' address in Augusta, Georgia. *See* Defendant's Briefing Regarding Administrative Hearing Testimony of Anne Santos. However, the Brief makes no reference to any attempt to serve a subpoena upon Anne Santos. *Id.* Furthermore, the Brief makes no reference to any effort to even contact Anne Santos via phone, email, traditional mail, or any other means of communication. *Id.*

4

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**   BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*   BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

The Declaration of Mr. Wheeler states in relevant part that he "attempted to confirm Anne Santos' location by emailing her without success; she did not respond to my email." *See* Declaration of Joseph R. Wheeler in Support of Briefing Regarding Administrative Hearing Testimony of Anne Santos. There is no evidence of this alleged email located anywhere in Defendant's Briefing papers. Even if there was evidence of an email attempt, that would be insufficient to constitute a good-faith effort to secure Anne Santos' for trial.

The Declaration of Mr. Wheeler goes on to state in relevant part that "[they] determined that Ms. Santos resided in Georgia and could not be subpoenaed to trial in Sacramento", but it does not provide any explanation for how that determination was made nor does it provide evidence for why she unavailable. *Id.* A mere assertion of witness unavailability is insufficient. Finally, although Mr. Wheeler represented in court that he called and left voicemails for Anne Santos, his declaration makes no mention of these alleged telephonic efforts.

The Declaration of Ms. Padua confirms Anne Santos resides in Augusta, Georgia. (*See* Declaration of Danielle Padua in Support of Briefing Regarding Administrative Hearing Testimony of Anne Santos, hereinafter "Dec. of Ms. Padua".) However, every Exhibit attached to this Declaration is timestamped to 9/19/2024.

The Declaration of Ms. Padua, Exhibit A states it is a Report Created: 9-19-2024 3:45. *See id.* at Exhibit A. The Declaration of Ms. Padua, Exhibit B is a Law Enforcement report dated 9/19/2024. *See id.* at Exhibit B. The Declaration of Ms. Padua, Exhibit C is a California DMV Record dated Thursday, September 19, 2024, 11:33:44. *See id.* at Exhibit C. The Declaration of Ms. Padua, Exhibit D is a Georgia DMV Record dated Thursday September 19, 2024, 11:33:44. *See id.* at Exhibit D. Therefore, this is no evidence these records were analyzed before September 19, 2024.

Even if these records were in fact analyzed before September 19, 2024, it would still not indicate Defendant conducted a good-faith effort to secure Anne Santos' appearance at trial. In fact, it would indicate the opposite because it would mean Defendant failed to utilize reliable information in its possession to even attempt to contact Anne Santos.

Defendant has not even offered evidence that it filed a subpoena with the clerk of the court

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**  BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*     BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

in Augusta or filed a petition in the local jurisdiction.  Further, Defendant has not shown that it made any efforts to retain a local investigator to contact Anne Santos in Augusta, Georgia.

Defendant's sole evidence of communication is an unsubstantiated and unidentified email sent to Anne Santos by Mr. Wheeler.  Defendant's efforts of procuring Anne Santos are woefully short of the criteria required under 804(a)(5) to deem a witness unavailable. Therefore, the court should deny Defendant's request to read Anne Santos' SPB testimony to the jury.

### D. Federal Rule of Evidence 807 Does Not Apply

Under Rule 807, a hearsay statement is not excluded by the rule against hearsay under the following conditions:

(1) The statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

(2) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. FRE 807(a).

Further, the statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement. FRE 807(b).

Plaintiff does not dispute that Anne Santos' testimony was obtained during trustworthy conditions. Plaintiff does not dispute that her testimony is probative on its own. However, there is nothing to indicate this additional testimony from Anne Santos would offer any new information not otherwise already in evidence or solicited from multiple witnesses in this trial. Therefore, additional testimony from Anne Santos is cumulative, does not add anything, and is not probative of any issue.

Moreover, Defendant cannot satisfy the reasonable notice requirement under FRE 807(b) Defendant's reliance on its letter sent on August 30, before trial commenced, is misplaced. This letter was sent on the Friday before trial commenced, well after the final pre-trial conference; it provided no evidence that Anne Santos was unavailable to appear in trial.

Counsel for the parties discussed the identity and scheduling of witnesses daily throughout this trial. On September 17, 2024, defense counsel, Mr. Wheeler, led Plaintiff's counsel to believe

6

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**   BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*                                 BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

that he had only two remaining witnesses, Edmund Pecinovsky and Richard Reed. However, on September 18, 2024, Mr. Wheeler informed Plaintiff's counsel for the first time since trial began that he intended to read Anne Santo's SPB testimony to the jury on the next court day. Defense counsel's surprise announcement does not constitute reasonable notice under these circumstances. Therefore, Defendant has not satisfied the requirements for introducing hearsay evidence under FRE 807.

### E.   In the Event the Court Allows Defendant to Introduce SPB Testimony from Anne Santos, Additional SPB Testimony Excerpts Should be Included as Well as from Ashley Kline

Assuming, *in arguendo*, this court permits the SPB testimony of Anne Santos, Plaintiff requests the following portions of her testimony be included in the portion read by Defendant:

- 105:11-20; 106:24- 107:6; and 107:19-108:4.

Further, Plaintiff also requests the following testimony by Enterprise's manager, Ashley Kline, be read.

**Q:** You didn't hear the comment by Ms. Evans calling Ms. Santos a fucking dyke?

**A:** I did not hear it personally, no.

(Deposition Transcript of Ashley Kline, September 4, 2013, Bates SPB000307, at 223:23-25.)

As argued by Defendant this testimony meets the requirements for trustworthiness. This testimony relates to and clarifies the additional testimony of Anne Santos.

Further, this information impeaches the testimony of Anne Brewer at trial with the inconsistent statement that Ashley Kline "overheard" the comment.

Merely offering a contradictory account offered by one witness does not go to another witness's credibility <u>unless</u> the first witness' account is offered as true. *U.S. v. Bao* (9th Cir. 1999) 189 F.3d 860, 866.

In *Bemis v. Edwards*, the court held that while an inconsistent statement by a testifying witness can be used to impeach that witness's credibility, an inconsistent account by another source can be offered to show an alternative view of the truth. *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995).

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**   BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*   BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

Here, Anne Brewer clearly offered her statement regarding SPB testimony for its truthfulness, and so opened the door to being impeached by Ashley Kline's SPB testimony.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the court deny Defendant's request to either enter into evidence or read the SPB testimony of Anne Santos. In the event the court allows this testimony to be introduced, Plaintiff should be allowed to include the above testimony from Anne Santos and Ms. Kline.

Date: September 20, 2024         By:   */s/ Lawrance Bohm*
                                       LAWRANCE A. BOHM, ESQ.
                                       KELSEY K. CIARIMBOLI, ESQ.
                                       ANDREW L. THRASHER, ESQ.
                                       JACK C. BROUWER, ESQ.
                                       SCOTT A. BROWN, ESQ.

                                       Attorneys for Plaintiff,
                                       TAMARA EVANS

8

**Plaintiff's Opposition to Defendant's Briefing re: Admin Testimony of A. Santos**    BOHM LAW GROUP, INC.
*Evans v. CA Commission on Peace Officers Standards & Training, et al.*    BROWN | POORE LLP
Case No.: 2:15-cv-01951-DJC-SCR

*Evans v. CA Commission on Peace Officers Standards & Training, et al.*
United States District Court, Eastern District of California
Case No.: 2:15-cv-01951-MCE-DB

## CERTIFICATE OF SERVICE BY ECF FILING

I, the undersigned declare that I am employed in the County of Sacramento, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: 4600 Northgate Boulevard, Suite 210, Sacramento, California 95834.

On September 20, 2024, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BRIEFING RE: ADMINISTRATIVE TESTIMONY OF ANNE SANTOS**

XX   By causing the above to be electronically served through the Eastern District CM/ECF filing System to all participants in the case that are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 20, 2024, in Sacramento, California.

*/s/ Ashley Gamber*
ASHLEY GAMBER
Paralegal

**PROOF OF SERVICE**